T. Jason Wood, Esq.
WOOD LAW GROUP, PC
1488 Midway Avenue
Idaho Falls, ID  83406
Telephone: (208) 497-0400
Fax: (208) 932-4380
Email: jason@woodlaw.net
Idaho State Bar No. 5016

Attorneys for Plaintiff

IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS FURNISS, ALFREDO LOPEZ, and MARCELLINO LOPEZ, JR., <br><br> Plaintiffs, <br><br> v. <br><br> KNIFE RIVER CORPORATION– MOUNTAIN WEST, <br><br> Defendant. | Case No._1:20-cv-263_____ <br><br><br> COMPLAINT AND DEMAND FOR JURY TRIAL |

ALFREDO LOPEZ, MARCELLINO LOPEZ, JR., and THOMAS FURNISS, as and for cause of action against the above-named defendant, KNIFE RIVER CORPORATION– MOUNTAIN WEST, allege and pray as follows:

1 -   COMPLAINT AND DEMAND FOR JURY TRIAL

1. This action for money damages and declaratory relief arises under to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.,* and the Civil Rights Act of 1991, 42 U.S.C. § 1981a (collectively "Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*, the Idaho Human Rights Act, Idaho Code § 67-5901*, et seq.* ("IHRA"), and Idaho common law.

2. Plaintiff Thomas Furniss is, and at all material hereto was, over 40 years of age and a member of the Church of Jesus Christ of Latter-Day Saints (Mormon) religion.

3. Plaintiffs Alfredo Lopez, Marcellino Lopez, Jr., and Thomas Furniss are, and at all times material hereto were, residents of the State of Idaho.

4. Plaintiffs Alfredo Lopez and Marcellino Lopez, Jr., are, and at all times material hereto were, of Native American and Hispanic race and ancestry, over 40 years of age, and registered members of the Shoshone-Bannock Tribe.

5. The defendant Knife River Corporation – Mountain West is, and at all times material hereto was, a Delaware corporation engaged in the construction business with its principal residence and place of business in BOISE, ADA COUNTY, IDAHO, with over 500 employees, and an employer within the meaning of Title VII, ADEA, IHRA, and Idaho common law.

6. This Court has original subject-matter jurisdiction of Plaintiffs's federal law claims pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs's state law claims pursuant to 28 U.S.C. § 1367.

7. VENUE is proper in the SOUTHERN DIVISION of the District of Idaho, pursuant to 28 U.S.C. § 1391(b)(1) and Local Rule 3.1.

8. At all times material hereto, each Plaintiff was employed by defendant Knife River Corporation – Mountain West, and performed his job duties in a satisfactory manner.

9. In the course of his employment with the defendant, each Plaintiff worked together on a crew that was comprised almost entirely of Native Americans which the defendant routinely referred to, individually and collectively, as the "brown crew, the "Indian crew," "wagon burners," "red niggers," and the like.

10. Throughout their employment with the defendant, the defenant routinely made disparaging remarks directed toward Plaintiffs Alfredo Lopez and Marcellino Lopez, Jr. regarding their age, for example calling them "stupid fucking old bastard" among other age-related epithets.

11. The defendant perceived Plaintiff Thomas Furniss as being Native American and/or Hispanic and routinely referred to him as a "red nigger," "brown," an "Indian," and 'wagon burner," and made disparaging remarks about his age and religion, such as "stupid fucking old bastard" and "worthless Mormon," among other age-based and religion-based epithets.

11. The defendant's disparaging remarks about and direct toward each Plaintiff regarding their race, age, and religion, was unwelcome, severe and pervasive, and altered the conditions of Plaintiffs' employment such that reasonable people of Plaintiffs' respective race, age, and religion would consider the work environment abusive or hostile.

12. Plaintiffs repeatedly complained to the defendant about the hostile work environment to no avail.

13. The defendant treated Plaintiffs and their crew much less favorably than other crews and employees not of Plaintiffs' race, age, or religion, always passing them over for promotions, advancement, training, pay raises, and the like.

14. The defendant established certain safety rules and policies requiring employees to report to management any safety violations, which the defendant established as official employment policy and conditions of employment.

15. In July 2019, several safety violations occurred on the defendant's projects on which Plaintiffs were working, in violation of the Occupational Safety and Health Act (OSHA), 29 U.S.C. § 651, *et seq.*, and the defendant's own safety rules which required Plaintiffs to report them.

16. In compliance with the defendant's rules and policies, Plaintiffs attempted to document and report the aforesaid safety violations, and in doing so they performed and/or attempted to perform important public obligations, yet the defendant criticized and berated them for documenting/reporting such violations.

17. Less than a month after blowing the whistle on the aforesaid safety violations the defendant fired Plaintiffs and their entire crew, in retaliation for Plaintiffs blowing the whistle on the aforesaid safety violations, in retaliation for Plaintiffs complaining about the aforesaid unlawfully hostile work environment, and because of Plaintiffs' respective race, age and religion, in violation of Title VII, ADEA, IHRA, public policy, and the implied covenant of good faith and fair dealing, and other state and federal statutes and common laws.

18. Plaintiffs each timely filed a charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).

19. The EEOC issued its Dismissal and Notice of Rights to each Plaintiff on or about March 3, 2020, which they each received on or about March 10, 2020.

20. As a direct and proximate result of the defendant's unlawful termination of Plaintiffs' employment, Plaintiffs each have suffered and will continue to suffer significant special, general, and consequential damages, including but not limited to past and future lost wages and benefits, loss of enjoyment of life, mental and emotional pain, suffering, distress, and humiliation, in such amounts to be determined at trial.

21. The defendant's unlawful conduct as alleged above was performed willfully and with malice or reckless indifference to Plaintiffs's rights secured by Title VII, IHRA, and ADEA, entitling Plaintiffs to punitive damages pursuant to 42 U.S.C. § 1981a and under IHRA, and to liquidated damages under ADEA.

22. The defendant's wrongful termination of Plaintiffs' employment as alleged above was oppressive, fraudulent, malicious or outrageous within the meaning of Idaho Code §6-1604.

23. Plaintiffs are entitled to an award of costs and attorney fees pursuant to 42 U.S.C. § 2000e-5(k), 29 U.S.C. § 626(b), Idaho Code § 12-120(3), and other applicable state and federal statutes, laws and/or rules.

24. Plaintiffs are entitled to an award of pre-judgment interest on all liquidated damages awarded to Plaintiff on account of the defendant's violations of Idaho law as alleged above, pursuant to Idaho Code §28-22-104, at the rate of twelve percent (12%) per annum until entry of final judgment herein.

25. A trial by jury as to all issues triable to a jury in this matter is hereby demanded.

WHEREFORE, Plaintiffs each pray for the Order and Judgment of the Court:

1. Assuming jurisdiction over Plaintiff's causes of action set forth herein;

2. Declaring the defendant's actions to be in violation of applicable law;

3. Awarding damages to each Plaintiff in the form of past and future lost wages and employment benefits in amounts to be determined at trial;

4. Awarding compensatory, consequential and general damages, including non-pecuniary losses as alleged above, in amounts to be determined at trial;

5. Awarding each Plaintiff punitive damages as alleged above, in amounts to be determined at trial;

6. Awarding each Plaintiff liquidated damages as alleged above, in amounts to be determined at trial;

7. Awarding each Plaintiff prejudgment interest as alleged above;

8. Awarding each Plaintiff his costs of suit and reasonable attorney fees; and

9. Granting each Plaintiff such further relief as the Court deems just and appropriate.

DATED this 4th day of June, 2020.

WOOD LAW GROUP, PC

By: /s/_____
T. Jason Wood, Esq.

C:\Users\Alicia 3\Box\WLG\TJW\4246 FURNISS\PLEADINGS\002 Complaint.wpd